UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**Rebekah S. Rushing**

Case No. 11-80124- -
Chapter 13

Social Security No.xxx-xx-5895
Address:1109 Lancaster Street, Durham, NC 27701-

Debtor

## VERIFIED MOTION FOR SANCTIONS AND TURNOVER

**NOW COMES** the Debtor above-named, through counsel, upon this Motion for Sanctions and Turnover seeking relief pursuant to 11 U.S.C. Sections 105(a) and 362(h), and in support thereof, shows unto the Court as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. Section 157, and that the Court has jurisdiction pursuant to 28 U.S.C. Sections 151, 157 and 1334.

2. The Debtor filed for protection under Chapter 13 of the Bankruptcy Code on January 24, 2011.

3. The Debtor is owner of a 1999 Chevrolet Tahoe, hereinafter "vehicle". The vehicle was listed in the Debtor's bankruptcy petition with an estimated value of $6,198.00, and is insured by a policy through Travelers auto insurance.

4. The creditor, TRIANGLE AUTO BROKERS (hereinafter "the respondent"), upon information and belief, holds a contractual security interest in said vehicle securing the payment of a debt owed by the Debtor to the respondent. The balance due on the said debt is approximately $5,494.00.

5. Prior to the filing of this Chapter 13 case, on or about January 23, 2011, the respondent, personally or through its agents, repossessed said vehicle from the Debtor.

6. On January 25, 2011, counsel for the Debtor contacted respondent by telephone and spoke to Jake Dixon, who purported to be a representative or agent for respondent. Counsel for the Debtor advised Mr. Dixon of the Chapter 13 filing and requested immediate turnover of the vehicle. Respondent refused to turnover the vehicle.

7. On or about February 8, 2011, counsel for the Debtor again contacted respondent and requested immediate turnover of the vehicle. Respondent refused to turnover the vehicle.

8. Or or about February 25, 2011, counsel for the Debtor sent to respondent a copy of the Debtor's proposed Chapter 13 plan via first class mail, which provides for payment in full of the respondent's secured claim over the life of the plan and initial adequate protection payments of $37.00 per month.

9. On May 9, 2011, counsel for the Debtor spoke with Jake Dixon again, requesting immediate turnover of the vehicle. Respondent refused to turnover the vehicle.

10. Respondent is in violation of 11 U.S.C. § 362 (a)(3), which prohibits "any act to obtain possession of property of the estate of of property from the estate, **or to exercise control over property of the estate.**" (emphasis added).

11. Pursuant to 11 U.S.C. § 1306 incorporates 11 U.S.C. 541(a)(1) to define property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case".

12. As of the date of the Debtor's bankruptcy filing, the Debtor was the titled owner of the vehicle, and maintains a legal and equitable interest in said property. For this reason, the vehicle is property of the Chapter 13 bankruptcy estate.

13. 11 U.S.C. § 542(a) provides that an entity in possession, custody or control of property that... the debtor may exempt under section 522 of this title **shall** deliver to the trustee, and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

14. The Debtor has in fact exempted her equity in the vehicle.

15. The respondent, despite repeated requests, has deliberately refused to turnover the property or otherwise account for its value. By continuing to exercise control over property of the Debtor's estate, the respondent is in willful violation of 11 U.S.C §362(a)(3).

16. In accordance with In re Dillard (Ch. 13 Case No. 01-10439C-13G, 2001 WL 1700026), the Debtor has provided the respondent with notification of the bankruptcy filing, and notification of insurance coverage for the vehicle. Also in accordance with In re Dillard, the Debtor is current with all Chapter 13 plan payments. The respondent has sufficient adequate protection in its collateral.

17. The Debtor has been without the use of her vehicle since the commencement of this case, and has incurred actual damages from her loss of use of the vehicle:
    a. The Debtor necessitated alternate transportation to and from work and for transportation of her minor children.
    b. The Debtor received $1,200.00 in family assistance for the purchase of a temporary replacement vehicle. This assistance would not have been required if the respondent had timely turned over the vehicle.

18. In addition to actual damages, the Debtor has incurred other damages, including but not limited to attorney fees related to this motion and appropriate punitive damages.

WHEREFORE, the Debtor respectfully requests the Court to enter an order finding:

(1) That the respondent Triangle Auto Brokers is in violation of 11 U.S.C. § 362(a)(3) by exercising control over the the Debtor's property in violation of the automatic stay, and is liable for sanctions pursuant to 11 U.S.C. § 362(h).

(2) Actual damages, equivalent to her continued loss of use of said vehicle, costs of replacement, and an award of appropriate attorney fees incurred with the bringing of this action, and if applicable, appropriate punitive damages.

(3) For such other relief as this Court deems just and proper.

Dated: May 10, 2011

LAW OFFICES OF JOHN T. ORCUTT, P.C.

Koury L. Hicks
N.C. State Bar No. 36204
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Rebekah S. Rushing**

Case No. 11-80124- -
Chapter 13

Social Security No.xxx-xx-5895
Address:1109 Lancaster Street, Durham, NC 27701-

Debtor

## VERIFICATION OF MOTION FOR SANCTIONS AND TURNOVER

I, Rebekah S. Rushing, the Movant in the above captioned case, hereby state, under penalty of perjury, that, to the best of my knowledge, that the statements contained in the foregoing Motion for Sanctions and Turnover are true and correct to the best of my knowledge.

Dated: 5/10/11

*Rebekah S. Rushing*
Rebecca S. Rushing

**Notarization:**

Sworn and subscribed before me on May 10, 2011

*Glenda Mathis*
Signature of Notary Public

Commission expires: June 24, 2012

Affix Seal or Stamp

[Notary Seal: GLENDA MATHIS NOTARY PUBLIC COUNTY, N.C.]

# CERTIFICATE OF SERVICE

I, Charlene Ennemoser, of the Law Offices of John T. Orcutt, P.C., certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on May 10, 2011, I served copies of the **Verified Motion for Sanctions and Turnover** by certified first class mail, return receipt requested:

Triangle Auto Brokers
Attn: Managing Agent
3114 Wake Forrest Hwy
Durham, NC 27703

and by automatic electronic noticing upon the following Trustee

Richard Hutson
Chapter 13 Trustee

/s Charlene Ennemoser
Charlene Ennemoser

continue.wpt (rev. 7/2/05)